UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEO HARRIS,<br><br>         Petitioner,<br><br>     v.<br><br>RON DAVIS, Warden of California State Prison at San Quentin,<br><br>         Respondent. | Case No.  1:16-cv-01572-DAD<br><br>DEATH PENALTY CASE<br><br>ORDER GRANTING APPLICATION FOR APPOINTMENT OF COUNSEL<br>(Doc. No. 1)<br><br>ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES<br>(Doc. No. 2)<br><br>ORDER DENYING WITHOUT PREJUDICE APPLICATION FOR STAY OF EXECUTION<br>(Doc. No. 1) |

On October 18, 2016, petitioner Willie Leo Harris, a state prisoner facing capital punishment, commenced this action pursuant to 28 U.S.C. § 2254 by filing an application for appointment of counsel to represent him and for stay of execution (*see* Doc. No. 1).  Petitioner appends his declaration (*see* Doc. No. 1-1) supporting both this application and his separate application to proceed in forma pauperis filed on his behalf by Jennifer Mann, Assistant Federal Defender (*see* Doc. No. 2).  Petitioner's declaration includes a statement of his indigence.

I. REQUEST FOR APPOINTMENT OF COUNSEL

Section 3599(a)(2) of Title 18 of the United States Code provides for the appointment of one or more attorneys to represent an indigent person proceeding under 28 U.S.C. § 2254 to

1

vacate a death sentence. Rule 191(c) of the Local Rules of the United States District Court for the Eastern District of California also provides for the appointment of counsel for indigent capital habeas petitioners. Under this rule, selection of counsel is made from a panel of attorneys qualified for appointment in death penalty cases and certified by a selection board appointed by the Chief Judge. Based on petitioner's submissions, he is entitled to appointment of counsel under 18 U.S.C. § 3599(a)(2).

## II. STAY OF EXECUTION

Section 2251(a)(3) of Title 28 of the United States Code provides for grant of stay of execution once federal jurisdiction is invoked by a request for appointment of counsel pursuant to Section 3359(a) of Title 18 of the United States Code. Rule 191(g)(1-2) of the Local Rules of the United States District Court for the Eastern District of California also provides for stay of execution pending appointment of counsel and final disposition. Based on the petitioner's submissions, an order granting a stay of execution is unnecessary at this time because no execution date has been set.

## III. APPLICATION TO PROCEED IN FORMA PAUPERIS

Rule 3(a) of the Rules Governing § 2254 Cases in the United States District Courts provides that a petitioner seeking in forma pauperis status shall file an affidavit of assets as required by 28 U.S.C. § 1915. Rule 3(a) also requires a certificate from the prison stating the amount on deposit in the petitioner's accounts. Based on petitioner's submissions, he has complied with the requirements of 28 U.S.C. § 1915 and Rule 3(a) of the Rules Governing § 2254 Cases in the United States District Courts. Petitioner is entitled to proceed in forma pauperis.

## IV. ORDER

The court finds good cause to grant petitioner's application for appointment of counsel and to proceed in forma pauperis. No stay of execution order is necessary at this time and that request will be denied without prejudice to its renewal should it become necessary.

/////

/////

For the reasons set forth above:

1. Petitioner's application for appointment of counsel is granted. The matter is referred to the Selection Board for the Eastern District of California for recommendation of suitable counsel;

2. Petitioner's application to proceed in forma pauperis is granted; and

3. Petitioner's application for stay of execution is denied without prejudice.

IT IS SO ORDERED.

Dated: __**October 19, 2016**__                    _____
                                                                    UNITED STATES DISTRICT JUDGE