UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEO HARRIS,<br><br>    Petitioner,<br><br>    v.<br><br>RON DAVIS, Warden of the California State Prison at San Quentin,<br><br>    Respondent. | Case No. 1:16-cv-01572-DAD<br><br><u>DEATH PENALTY CASE</u><br><br>ORDER FOLLOWING INITIAL CASE MANAGEMENT CONFERENCE |

      The undersigned held an initial case management conference on January 18, 2017 at 10:00 a.m. in Department 5. Saor E. Stelter and Richard G. Novak appeared for petitioner, Willie Leo Harris. Amanda Cary appeared for respondent, Ron Davis. All counsel appeared telephonically. The parties stipulated that absent tolling, the federal habeas petition is due September 21, 2017. Counsel for petitioner stated their intention to file a motion for equitable tolling within six weeks. Counsel for respondent stated that the record received from the state court is in part on electronic media and in part in paper format.

      The court continued the public portion of the case management conference to allow respondent the opportunity to determine a date for electronic lodging of the state court record according to the court's noted requirements. Respondent's counsel was then excused and the undersigned held an ex parte budgeting conference with counsel for petitioner. The results of

1  that budgeting conference are covered in a separate, sealed order.

2        On February 2, 2017, at 11:00 a.m. in Department 5, the undersigned held the
3  continued case management conference.  The above noted counsel appeared telephonically.
4  Counsel for respondent, Ms. Cary, advised that four (4) months would be required for
5  electronic lodging of the state court record.

6        Accordingly,

7    1.  By September 21, 2017, unless a different date is subsequently ordered by the court, petitioner shall file the petition pursuant to 28 U.S.C. § 2254.  References to the state court record in the petition shall use the identification system set out in the Notice of Lodging, described below.  Each reference shall thus include the docket number for the Notice of Lodging, the attachment number, and the Bate-stamp numbers followed, in parentheses, by the abbreviated name of the volume of the record and any internal pagination.  For example, if the Notice of Lodging appears as electronic court filing number 40 and the first attachment is the first 300 pages of the Clerk's Transcript on Appeal, the citation form would be "DOC. No. 40-1, AG00001-AG00300 (CT 1-300)."

17    2.  By June 15, 2017, respondent shall file a Notice of Lodging and lodge with the court the state court record as specified below.

19      a.  The lodged record shall meet the following requirements:

20        (i)  It shall contain (a) transcripts of the state trial court proceedings; (b) appellant's and respondent's briefs on direct appeal to the California Supreme Court, and the opinion or orders of that Court; and (c) petitioner's and respondent's briefs in any state court habeas corpus proceedings, and all opinions, orders and transcripts of such proceedings.

26        (ii)  The entire record shall be Bate-stamped.  Bate-stamp numbering shall be in the format AG00001, AG00002, etc. to distinguish it from other numbering systems in the record.

      (iii) The entire record shall be scanned.

      (iv) The entire record shall be converted to an optical character recognition (OCR) format.

      (v) State sealed documents shall be lodged in paper form.

   b. The Notice of Lodging shall be filed on the court's electronic filing system. Each item of the state court record shall be lodged as an attachment to the Notice of Lodging. For each separate attachment, the Notice of Lodging shall identify the attachment number, the Bate-stamp numbers, and the name of that part of the record, including its internal pagination, if any. For example, the attachment identified above in paragraph 1 would be listed in the Notice of Lodging as: "Attachment #1, AG00001-AG00300 (Clerk's Transcript 1-300)." The identical identifying information shall also be included as the docket title of each electronically lodged attachment to the Notice of Lodging. To the extent possible, each separate paper volume of the state court record shall be lodged as one attachment.

   c. The state court record need not also be lodged on CDs, and courtesy copies on CD are *not* required.

3. Petitioner intends to file a motion for equitable tolling. Such a motion shall be filed no later than March 6, 2017.

4. The answer shall be filed no later than twelve (12) months after the filing date of the petition.

5. The petition and answer need not include points and authorities regarding application of 28 U.S.C. § 2254(d).

/////

/////

/////

/////

3

6. A briefing schedule will be set after the petition and answer have been filed.

IT IS SO ORDERED.

Dated: **February 2, 2017**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE