# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEO HARRIS, <br><br> Petitioner, <br><br> v. <br><br> RON DAVIS, Warden of the California State Prison at San Quentin, <br><br> Respondent. | Case No. 1:16-cv-01572-DAD <br><br> DEATH PENALTY CASE <br><br> ORDER AFTER HEARING GRANTING PETITIONER'S MOTION FOR EQUITABLE TOLLING <br><br> (Doc. No. 18) |

Before the court is petitioner's motion to equitably toll the limitations deadline under 28 U.S.C. § 2244 for the filing of his federal habeas petition from September 21, 2017 to November 15, 2017, due to delay in matters relating to the appointment of counsel in these proceedings. A hearing on petitioner's motion was held before the undersigned on April 11, 2017. Attorneys Saor E. Stetler and Richard G. Novak appeared for petitioner, Willie Leo Harris, and Deputy Attorney General Amanda Cary appeared for respondent, Ron Davis. All counsel appeared telephonically.

Upon consideration of the motion, respondent's opposition, petitioner's reply, and the parties' oral argument, petitioner's motion for equitable tolling of the statute of limitations will be granted for the reasons that follow.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

On October 18, 2016, petitioner commenced this federal proceeding by filing an application for stay of execution and for appointment of counsel and to proceed in forma pauperis. On October 19, 2016, the court denied without prejudice the application for stay of execution and granted the application for appointment of counsel (by referral to the Selection Board) and granted the application to proceed without payment of fees. On November 30, 2016, attorneys Stetler and Novak were appointed as co-counsel to represent petitioner.

On January 18, 2017, the court held an initial case management and budget conference in this action. On February 2, 2017, the court issued an order following continued case management conference providing in part that: the state record shall be lodged by June 15, 2017, the petition shall be filed by September 21, 2017, and the answer shall be filed by not later than twelve (12) months after the filing date of the petition. On March 6, 2017, petitioner filed the instant motion for equitable tolling. Respondent filed opposition to the motion on March 20, 2017. Petitioner replied to the opposition on April 4, 2017.

# II. DISCUSSION

A. <u>Legal Standards</u>

The federal Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one year statute of limitations for filing a federal habeas corpus petition running from "the date on which the judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is statutorily tolled during the time that "a properly-filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

A litigant may seek equitable tolling of the one year limitation period. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The party asserting equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026, n.5 (9th Cir. 2005) (*citing Pace*, 544 U.S. at 418); *see also Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283,

1288-89 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly V)*, 163 F.3d 530 (9th Cir. 1998), *abrogated on other grounds by Woodford v. Garceau*, 538 U.S. 202 (2003) (finding the one year statute of limitations under 28 U.S.C. § 2244(d) is not jurisdictional and is subject to pre-petition equitable tolling if "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time). The diligence required is reasonable diligence, not "maximum feasible diligence." *Holland*, 560 U.S. at 653. An "extraordinary circumstance" must be outside of petitioner's control and prevent him from filing within the one-year period. *See Fail v. Hubbard*, 315 F.3d 1059, 1061-62 (9th Cir. 2002); *see also Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (reversing denial of equitable tolling where prison officials delayed processing of inmate's trust account paperwork and outgoing mail).

Among the factors courts have considered relevant in deciding the question of equitable tolling, in addition to those noted above, are the complexity of the legal proceedings and whether the state would suffer prejudice from the granting of equitable tolling. *See Hoyos v. Wong*, Case No. 09-cv-0388 L (NLS), 2010 WL 596443, at **4, 5 (S.D. Cal. Feb. 16, 2010).

B.      Summary of Arguments

     1.      Petitioner

Petitioner argues that he has been diligent notwithstanding the fifty-five (55) day delay between his request for appointment of counsel and the court's appointment of counsel. Specifically, he argues that appointment of counsel was delayed (i) fourteen (14) days during which the California Department of Corrections did not complete, certify and transmit his Prisoner Trust Fund Account Statement that he was required to submit, and (ii) forty-one (41) days during which he remained unrepresented following the court's grant of his application for appointment of counsel.

Petitioner argues extraordinary circumstances prevent his counsel from filing his federal petition by the current filing deadline in light of the complexity of his case, the voluminous record and the large number of claims and issues to be presented.

/////

2. Respondent

Respondent disagrees, arguing that petitioner has not made a sufficient particularized showing that any minor delay in the appointment of counsel constitutes an extraordinary circumstance which prevents him from filing his federal petition within the one year limitations period. Respondent argues that this case is not especially complex and that petitioner's newly appointed counsel should be familiar with claims to be raised in the federal petition because no unexhausted claims have been identified by petitioner. Finally, respondent argues that Congress did not provide or intend that all delays in the appointment of counsel in connection with federal habeas proceedings would toll the AEDPA statute of limitations.

C. <u>Analysis</u>

Under AEDPA, the current deadline for petitioner to file his federal petition is September 21, 2017, i.e. one year from the date the California Supreme Court denied his habeas petition. 28 U.S.C. § 2244(d)(2); s*ee Harris (Willie) on H.C*., California Supreme Court Case No. S187337. Petitioner seeks to extend that deadline to November 15, 2017 based on the noted delay in appointment of counsel and given the extraordinary circumstances in this case.

1. Equitable Jurisdiction

It is well-established that a capital habeas petitioner may initiate a federal habeas proceeding by filing a motion for appointment of counsel, as was done here. *McFarland v. Scott*, 512 U.S. 849, 856–57 (1994).

The Ninth Circuit has approved the grant of equitable tolling in pre-petition cases such as this one. *See e.g., Beeler*, 128 F.3d at 1288-89 (finding the statute of limitations under 28 U.S.C. § 2244(d) is not jurisdictional and subject to pre-petition equitable tolling); *see also McFarland*, 512 U.S. at 856-57 (finding the district court has pre-petition jurisdiction to appoint counsel and stay execution). This is appropriate given that preparation of a capital habeas petition is a substantial undertaking, which must include all potential claims. 28 U.S.C. § 2244.

Accordingly, the court has jurisdiction to consider petitioner's motion.

4

2. Diligence

The court finds that petitioner has alleged facts demonstrating diligence. As noted above, equitable tolling requires "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653; *see also Roy v. Lampert*, 465 F.3d 964, 973 (9th Cir. 2006) (a petitioner must demonstrate reasonable diligence in attempting to file his petition after the extraordinary circumstances began); *Doe v. Busby,* 661 F.3d 1001, 1015 (9th Cir. 2011) (the effort required is what a reasonable person might be expected to deliver under his or her particular circumstances).

Petitioner timely sought state collateral review. He executed documents requesting appointment of federal habeas counsel within eight (8) days following the California Supreme Court's denial of his habeas petition. His counsel filed the instant motion prior to the current petition filing deadline to ensure sufficient time is available to prepare the petition. *See, e.g., Hoyos*, 2010 WL 596443, at *4 (equitable tolling granted for seven month delay in appointment of counsel where petitioner diligently sought appointment of counsel a mere eight days after the statute of limitations began to run); *Pollock v. Martel*, No. 4-5-cv-1870-SBA, 2012 WL 174821, at *2 (N.D. Cal. Jan. 20, 2012) (equitable tolling granted for delay in appointment of counsel extending a year beyond expiration of the limitations period where record voluminous and issues complex and petitioner was diligent in seeking appointment of counsel within eight days after the statute of limitations began to run).

The court rejects respondent's argument that, under the Fifth Circuit case *Lookingbill v. Cockrell*, petitioner was not diligent by failing to pursue the petition *pro se* pending appointment of counsel. 293 F.3d 256, 263 (5th Cir. 2002). To the extent *Lookingbill* considered equitable tolling, that case preceded and did not apply the Supreme Court's decision in *Holland* to facts such as those present here, where the absence of federally appointed counsel is clearly necessary to the preparation of a proper, comprehensive federal petition.

/////

/////

3. Extraordinary Circumstances

The court is persuaded that petitioner in this case has demonstrated extraordinary circumstances supporting the requested fifty-five (55) days of equitable tolling.[1]

The delay in the appointment of counsel in this case was certainly beyond petitioner's control and that delay has obstructed necessary investigation on the part of petitioner as well as the filing of a comprehensive federal petition by the current September 21, 2017 deadline. *See McCleskey v. Zant*, 499 U.S. 467, 498 (1991) (a "petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition."); *cf. Dennis v. Woodford*, 65 F. Supp. 2d 1093, 1097 (N.D. Cal. 1999).

Petitioner has a right to the assistance of appointed habeas counsel in preparing his federal petition. 18 U.S.C. § 3599(a)(2); *McFarland*, 512 U.S. at 855-57 (given the complex nature of capital habeas proceedings and the seriousness of the possible penalty, an attorney's assistance in preparing a federal habeas corpus petition is crucial and includes a right for that counsel meaningfully to research and present a defendant's claims); *see also* Local Rule 191(c) (providing for attorney representation in capital habeas cases). It follows that:

> [A] capital habeas petitioner is generally entitled to equitable tolling during the time that a court is seeking counsel to represent the petitioner because the lack of appointed counsel is an extraordinary circumstance beyond the petitioner's control that often makes it impossible for a petitioner to file an otherwise timely petition that has been prepared with the assistance of counsel.

*Stanley v. Martel*, Case No. 3-07-cv-4727-EMC, 2011 WL 3154792, at *1 (N.D. Cal. July 26, 2011); *accord Bunyard v. Davis,* No. 2:15-cv-1790 WBS AC DP, 2016 WL 366230, at *2-6 (E.D. Cal. Jan. 12, 2016) (recommending granting of equitable tolling for the 68-day period the petitioner was without counsel), *findings and recommendations adopted by* 2016 WL 366230 (E.D. Cal. Jan. 29, 2016); *Cruz v. Chappell*, Case No. 13-cv-02792-JST, 2014 WL 693595, at *2 (N.D. Cal. Feb. 21, 2014) (granting equitable tolling for five month delay in appointing capital habeas counsel where the delay prevented claim investigation and development and

---

[1] At the hearing on the pending motion, counsel for petitioner indicated they do not currently anticipate a need to seek additional equitable tolling of the statute of limitations.

timely filing of petition); *Kennedy v. Warden*, No. 2:13-cv-02041-LKK-KJN, 2014 WL 1513371, at *7-11 (E.D. Cal. April 16, 2014) (granting equitable tolling for four month delay in appointing capital habeas counsel where the delay prevented timely filing of petition); *Doolin v. Cullen*, No. 1:09-cv-01453-AWI, 2010 WL 3943523, at **2-3 (E.D. Cal. Oct. 1, 2010) (granting equitable tolling for seven month delay in appointing replacement counsel where the delay prevented timely filing of petition); *San Nicolas v. Ayers*, No. 1:06-cv-00942-LJO, 2007 WL 763221, at *6 (E.D. Cal. March 9, 2007) (one hundred and eighty-eight day delay in appointment of habeas counsel provided a basis for equitable tolling where the delay made the filing of a comprehensive petition impossible).

This case appears to be complex, the record is voluminous and the claims and issues presented are many. Petitioner was convicted at his second trial in state court following a hung jury at his first trial which resulted in a mistrial being declared. At the hearing on the pending motion, counsel for petitioner referenced the existence of evidence suggesting petitioner's actual innocence and mental illness. Petitioner's counsel also reported that (i) the core record consists of 34 volumes of court transcript totaling approximately 10,000 pages, 35 volumes of reporter's transcript totaling approximately 8,000 pages, appellate briefs totaling approximately 1000 pages and state habeas briefing totaling approximately 13,000 pages; (ii) the non-core record consists of approximately 52,000 pages plus 4 gigabytes of electronically stored data; and (iii) petitioner's automatic appeal and multiple state habeas petitions put in issue more than 16 claims with more than 50 exhibits supporting the requested relief on state collateral review.

4. Prejudice to Respondent

Respondent does not argue or suggest any facts suggesting prejudice stemming from the granting of the requested period of equitable tolling. The court finds no reason to believe that respondent will suffer prejudice from the relatively short period of tolling sought here.

/////
/////
/////
/////

7

III. CONCLUSION

Accordingly, for the reasons stated above:

1. Petitioner's motion for equitable tolling (Doc. No. 18) is granted and petitioner's federal habeas petition shall now be filed on or before November 15, 2017, and

2. Except as modified by this order, the February 2, 2017 scheduling order issued following initial case management conference (Doc. No. 17) remains in full force and effect.

IT IS SO ORDERED.

Dated: **April 14, 2017**

UNITED STATES DISTRICT JUDGE